LEE TRAN & LIANG LLP
  James M. Lee (Bar No. 192301)
  Cyrus Khojandpour (Bar No. 260233)
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
Tel: (213) 612-8900
Fax: (213) 612-3773
Email: james.lee@ltlattorneys.com
          cyrus.khojandpour@ltlattorneys.com

Attorneys for Plaintiff
Actuate Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ACTUATE CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES SCHWAB & CO., INC., a California corporation, and DOES 1 through 10,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT<br>2. BREACH OF LICENSE AGREEMENT<br>3. UNJUST ENRICHMENT<br><br>DEMAND FOR A JURY TRIAL |

Plaintiff Actuate Corporation ("Actuate") complains of Defendant Charles Schwab & Co., Inc. and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the copyright laws of the United States, Title 17, *United States Code* and for a related breach of contract action. The jurisdiction of this Court is founded upon 28 U.S.C. § 1331, 17 U.S.C. § 502, and 28 U.S.C. § 1367.

2. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim and the actual harm to Plaintiff occurred in this District by reason of the Defendant's conduct as alleged below. Venue is proper in any judicial district in which any defendant would be amenable to personal jurisdiction. Defendant is subject to the personal jurisdiction in this District as a result of the following: (i) Defendant's intentional and willful continued infringement of the copyrighted material owned by Plaintiff; (ii) Defendant's knowledge that Plaintiff resided in and had its principal place of business in this District; (iii) Defendant's knowledge that the injury would be likely to be suffered in this District; and (iv) Defendant conducts or solicits business within this District, has targeted this jurisdiction with the conduct giving rise to this action and has availed itself of the privilege of doing business in this jurisdiction.

## INTRADISTRICT ASSIGNMENT

3. This action alleges, among other things, claims for copyright infringement. It is an intellectual property action and may be assigned on a district-wide basis pursuant to Civil L.R. 3-2(c).

## PARTIES

1. Actuate is a corporation incorporated under the laws of the State of Delaware with its headquarters at 951 Mariners Island Boulevard, San Mateo, California. Actuate is the successor-in-interest to Xenos Group, Inc. ("Xenos") the original licensor and copyright holder of certain Software in dispute, as more fully described below.

2. Actuate is informed and believes, and on that basis alleges, that Defendant The Charles Schwab & Co., Inc. ("CSC" or "Defendant") is a corporation organized and existing under the laws of the California and its principal executive office at 211 Main Street, San Francisco, California. CSC is authorized to do business throughout the state of California and conducts business in San Mateo County.

3. The identities of the fictitiously named defendants are not currently known, and this complaint will be amended to include the names of such individuals or entities, when the same is known.

4. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times mentioned in this complaint, defendants, and each of them, were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and were the agents of each other and were acting within the scope and authority of that agency and with the knowledge, consent and approval of each other.

5. Plaintiff has no plain, speedy, or adequate remedy at law, and stands to suffer irreparable harm. For that reason, Plaintiff seeks injunctive relief.

## FACTS GIVING RISE TO THIS ACTION

6. Actuate develops and licenses business intelligence, print stream transformation, customer communication management and enterprise software.

Actuate licenses highly sophisticated programs which enable very large organizations to organize, generate, deliver and present very large amounts of mission critical data to advance the way they communicate with significant user communities, be they employees, partners or customers of such organizations.

7. On or about May 28, 1997, CSC entered into a Master Agreement for Licensed Products ("1997 Master Agreement") under which CSC could license Xenos software products. Under the 1997 Master Agreement, CSC purchased a license for the use of Xenos' AFP to PDF document transformation software ("AFP2PDF").

8. On or about March 10, 2009, CSC and Xenos entered into an addendum to the 1997 Master Agreement ("2009 Addendum") which provided CSC with an additional set of limited licenses for one (1) Production license and one (1) Test license for Actuate's d2e Vision Base, d2e Vision PDF Parser, d2e Vision All Components, d2e Vision AFP Generator, PDF Merge API, Enterprise Server Base and ES Mail Adapter software ("Software") for use on up to two (2) cores ("Software License").

9. Shortly after entering into the 2009 Addendum, Xenos was acquired by Plaintiff Actuate. Actuate holds federally-registered United States copyrights covering the Software under registration numbers TXU001874060 (Transformation Services for Documents p/k/a d2e Vision) and TXU001874064 (Xenos Enterprise Server p/k/a Enterprise Server or ES) ("Copyrighted Work").

10. In or about September 2012, Actuate received a software upgrade request from CSC as part of their maintenance agreement. At that time, Actuate discovered that CSC was breaching the terms of the Software License and infringing on Actuate's copyright by installing the Software on six (6) unlicensed cores in their Production environment and eight (8) cores in a disaster recovery environment to which Defendant had no license at all, without payment of any

-4-

license and maintenance fees, as provided under the 1997 Master Agreement and 2009 Addendum.

11. In total, Actuate is informed and believes that CSC has installed the software on *at least* six (6) unlicensed cores in a Production server environment and on *at least* eight (8) unlicensed cores in disaster recovery server environment.

12. CSC has been put on notice of its violation of the Software License. Nonetheless, Actuate is informed and believes, and thereon alleges, that CSC continues to use the Copyrighted Work on unlicensed cores.

13. The full extent of CSC's breaches are unknown to Actuate at this juncture; however, to the extent other unlicensed conduct is discovered, those breaches too would be governed by the Software License and will be added to this complaint.

## **FIRST CLAIM FOR RELIEF**
## **(COPYRIGHT INFRINGEMENT)**

14. Actuate repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 13 above as though fully set forth herein.

15. Actuate's Copyrighted Work constitutes a work entitled to protection and enforcement under the United States Copyright Act.

16. Defendant has reproduced, displayed, and distributed unauthorized copies from Actuate's Copyrighted Work. Such unauthorized copies and use exceed the permissible license terms and therefore constitute unlawful reproductions of Actuate's Copyrighted Work.

17. Defendant's acts violate the exclusive rights of Actuate as the copyright holder to reproduce, display and distribute the Copyrighted Work and to create derivative works from it, as set forth in 17 U.S.C. § 106. Defendant's use of the Copyrighted Work is and has been made without Actuate's consent.

18. Defendant's actions described above have caused irreparable damage to Actuate, for which Actuate has no remedy at law. Unless Defendant is restrained by this Court from continuing their infringement of the Copyrighted Work in violation of 17 U.S.C. § 106, these injuries will continue to occur in the future.

## SECOND CLAIM FOR RELIEF
## (BREACH OF LICENSE AGREEMENT)

19. Actuate realleges and incorporates by reference paragraphs 1 through 18 above as though fully set forth herein.

20. The 1997 Master Agreement and 2009 Addendum constitute writings to which Defendant was a party and through which Actuate, as successor-in-interest to Xenos, provided CSC with a limited license to use the Software under the limited Software License.

21. Actuate fulfilled all of its obligations under the 1997 Master Agreement and 2009 Addendum that were not excused by Defendant's actions.

22. Among other provisions, the Software License grants Defendant a license to use the Copyrighted Work on one (1) Production server and one (1) Test server with up to two (2) cores each, on specific designated Hardware Platforms.

23. CSC made valuable cash payment in exchange for the Software License.

24. The 2009 Addendum also required annual payments for maintenance services. Such maintenance services included not only technical support, but also making available updates in the form of "maintenance enhancements and releases."

25. Defendant breached the terms of the License Agreement by installing the Software on six (6) unlicensed cores in the Production environment

1 and eight (8) unlicensed cores in a disaster recovery environment to which
2 Defendant had no license at all without payment of any license and maintenance
3 fees from the time of installation as provided under the 1997 Master Agreement
4 and 2009 Addendum.

5     26. Actuate has been harmed by Defendant's breach of the Software
6 License and is entitled to both injunctive relief and monetary damages in an
7 amount to be determined at trial, but in excess of the jurisdictional requirements
8 of this Court.

## THIRD CLAIM FOR RELIEF
### (UNJUST ENRICHMENT)

11     27. Actuate realleges and incorporates by reference paragraphs 1 through
12 26 above as though fully set forth herein.

13     28. Defendant unjustly received benefit at the expense of Actuate
14 through their wrongful conduct. Specifically, by using the Software on multiple
15 under-licensed and unmaintained computing environments and unlicensed cores,
16 Defendant leveraged the power and utility of the Software multiple factors above
17 and beyond what they paid for and unduly benefited from that advantage.

18     29. In addition, Defendant was unjustly enriched because it was able to
19 enjoy maintenance services for all of its under-licensed computing environments
20 while only paying the maintenance for the one (1) Production Server and one (1)
21 Test Server with up to two (2) cores in each.

22     30. By this Complaint, Actuate requests the disgorgement of all value
23 unjustly earned or retained by Defendant.

24     31. As a legal result of Defendant's unlawful conduct, Defendant has
25 been unjustly enriched and, at the same time, caused loss of revenue to Actuate to
26 its detriment.

COMPLAINT

32. Actuate is entitled to recover from Defendant such unjust enrichment, including gains, profits, and advantages they have obtained as a result of its wrongful acts as hereinabove alleged. Actuate at present is unable to ascertain the full extent of Defendant's unjust enrichment including gains, profits, and advantages obtained by reason of the aforesaid wrongful conduct.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment in its favor against CSC as follows:

1. That the Court award Actuate all damages associated with each cause of action asserted in this complaint, including incidental and consequential damages flowing from CSC's conduct.

2. An injunction barring CSC from continuing to possess or use the Actuate software and a preliminary and permanent injunction requiring CSC, and all those acting in concert or participation with them, from infringing or encouraging, aiding or abetting others to infringe the Copyrighted Work;

3. Actual damages and disgorgement of CSC's profits from infringement of Actuate's copyrights;

4. Costs of suit and attorneys' fees, pursuant to 17 U.S.C. § 505;

5. Prejudgment interest;

6. And that Actuate be granted such other and further relief as the equities of the case may require and as this Court may deem just and proper under the circumstances.

Dated: April 24, 2014     LEE TRAN & LIANG LLP

By _____
James M. Lee
Cyrus Khojandpour
Attorneys for Plaintiff
Actuate Corporation

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

Dated: April 24, 2014           LEE TRAN & LIANG LLP

By _____
James M. Lee
Cyrus Khojandpour
Attorneys for Plaintiff
Actuate Corporation

COMPLAINT